UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID P. RASSEL II,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC and TRANSUNION, LLC,

    Defendant.
_____/

CASE NO. 8:24-cv-01883

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes DAVID P. RASSEL II ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and TRANSUNION, LLC ("TransUnion") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a natural person over 18 years-of-age residing in Tampa, Florida, which falls within the Middle District of Florida.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Texas. Equifax is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia.

7. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

## FACTS SUPPORTING CAUSE OF ACTION

8. Towards the end of 2023, Plaintiff noticed a number of erroneous items and accounts appearing on his Equifax and TransUnion credit reports.

9. Such accounts included purported consumer obligations being reported on Plaintiff's TransUnion credit reports which were owed to or otherwise being collected on by Ability Recover, Capio Partners LLC, and Self/Atlantic Capital.

10. There were further several hard inquiries being reported on Plaintiff's Equifax and TransUnion credit reports which were not authorized by Plaintiff.

11. Upon information and belief, the accounts and inquiries Plaintiff did not recognize were incurred or otherwise authorized by Plaintiff's father, who shares a similar name as Plaintiff.

12. Upon further information and belief, any reasonable procedures designed to promote the accuracy of the information included in Defendants' consumer reports

3

would have led to the discovery that this information had been erroneously attributed to Plaintiff.

13. As a result of the inaccurate information appearing on Plaintiff's credit reports, Plaintiff initiated written credit disputes with Defendants on or about December 4, 2023.

14. As a result of Plaintiff's disputes, the erroneous information was removed by Defendants; however, by that point, the damage had been done.

15. Upon information and belief, despite actual or constructive knowledge that Plaintiff's credit file has been merged with that of another, Defendant readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

16. Plaintiff has been subjected to months of hardship stemming from the blatantly erroneous information appearing on Plaintiff's credit file.

17. Defendants negligently and willfully violated the FCRA by allowing inaccurate information to appear on Plaintiff's credit reports when any remotely reasonable procedures designed to promote accuracy would have otherwise clarified that the debts and inquiries never should have been attributed to Plaintiff.

18. The reporting of the various trade lines and inquiries was patently inaccurate and materially misleading given the absence of any relationship between Plaintiff and the creditors represented by Defendants.

19. Any reasonable procedures designed to ensure the maximum possible accuracy of the information being reported by Defendants would and should have revealed the inaccuracy of the information Defendants allowed to be reported on Plaintiff's credit reports.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

20. The erroneous reporting of the subject account and information paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debts and inquiries has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it mislead creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of credit monitoring to help monitor

Defendants' reporting, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

23. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies appearing in Defendant's credit files.

<u>COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
PLAINTIFF AGAINST EQUIFAX

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

26. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

27. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

28. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

    **a. Violations of 15 U.S.C. § 1681e(b)**

29. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

31. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Equifax has prepared patently false and materially misleading consumer reports concerning Plaintiff by its allowance of the reporting of inaccurate information on Plaintiff's credit report through its incorrect merging of Plaintiff's credit file with that of another individual.

32. Equifax knew or should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him, and certainly became aware after Plaintiff put Equifax on notice that certain accounts did not belong to him. Its allowance for the reporting of the inaccurate information illustrates the absence of procedures designed to ensure the maximum possible accuracy of Equifax's reporting.

33. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

34. Despite the inaccurate information of which Equifax was or should have been aware, Equifax readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

35. Equifax's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

36. As demonstrated by the facts, Equifax's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

37. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, DAVID P. RASSEL II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

    g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### PLAINTIFF AGAINST TRANSUNION

38. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

39. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

40. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

41. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

42. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

    **a. Violations of 15 U.S.C. § 1681e(b)**

43. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

44. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

45. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. TransUnion has prepared patently false and materially misleading consumer reports concerning Plaintiff by its allowance of the reporting of inaccurate information on Plaintiff's credit report through its incorrect merging of Plaintiff's credit file with that of another individual.

46. TransUnion knew or should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him, and certainly became aware after Plaintiff put TransUnion on notice that certain accounts or inquiries did not belong to him. Its allowance for the reporting of the inaccurate information illustrates the absence of procedures designed to ensure the maximum possible accuracy of TransUnion's reporting.

47. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

48. Despite the inaccurate information of which TransUnion was or should have been aware, TransUnion readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

49. TransUnion's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

50. As demonstrated by the facts, TransUnion's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

51. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, DAVID P. RASSEL II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete any inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 9, 2024						Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar. No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com